v. Martin J. Walsh, Secretary of Labor. Ms. Weng, for the appellant. Welcome to Zoom for Government. Enter your meeting ID, followed by pound. Hold on. Are we ready to? Ann's checking. I believe we are ready to start. Yes. Okay, thank you. Good morning. Council Miss Wang, please proceed when you're ready. Can you hear me. We can. Okay, thank you, Your Honor, may it please the court. This is the second appeal in my title seven action for wrongful termination. I contend that the district court erred again when it granted summary judgment to the government on res judicata grounds due to the supposed preclusive effect of a prior 2013 settlement agreement between the parties. The question presented can be broken down into three issues, and these are my positions. Number one, the district court erred in finding that I previously settled all my title seven claims in 2013. It essentially found that I failed to state a claim in my complaint. In construing the settlement agreement, the district court misapplied the ordinary principles of contract law. A contract must be considered as a whole. I heard something. I heard something. We did, too. I hope that that's not going to repeat itself. So why don't you why don't you continue Miss Wang and we'll hope that that doesn't happen again. Oh, I'm sorry in construing the settlement agreement, the district court misapplied the ordinary principles of contract law. A contract must be considered as a whole, yet the district court cherry picked one boilerplate term and took it out of context. Number two, there is another problem with the district court's finding that post-settlement I was left solely with a wrongful termination under the Civil Service Reform Act or CSRA. It contradicts this court's ruling in my first appeal, which established that I had a mixed case before the Merit Systems Protection Board so that my complaint was subject to the district court's jurisdiction. My MSPB appeal was decided in 2015, well after the settlement agreement date. That I had a mixed case before the MSPB, which included title seven discrimination allegations, is a settled matter. Number three, the district court's disposal of my suit based on its sua sponte interpretation of the settlement agreement violated due process. I was prejudiced by the district court's failure to provide me with notice of the sua sponte ground and an opportunity to respond as required by Federal Rule of Civil Procedure 56-F. This is due to the fact that the district court incorrectly construed the settlement agreement as I had expressly reserved the right to pursue my discriminatory removal case, then pending before the MSPB. In sum, the district court erred in granting summary judgment to the government, essentially based on my failure to state a claim because I properly pled a wrongful termination under title seven. I'll do my best to answer your questions. In your wrongful termination claim that is presently before us, is title seven, is there a discrimination component to that claim based on the protected characteristics other than disability? I don't have a disability discrimination claim. I have a title seven claim alleging discrimination based on race, national origin, sex, and retaliation. Is that what was before the MSPB? Yes, it was. Before the MSPB, I also had a Rehabilitation Act claim for retaliation. No, I'm not talking about the rehabilitation. I'm talking about the things you just stated. The title seven, the employment discrimination claims. Yes, those were the claims before the MSPB. Okay. I don't know that we have any additional questions for you, Ms. Swain. Why don't we let the government present its case and then we'll give you a little bit of time for rebuttal. Okay, that was much easier than I expected. Thank you. Mr. DeGenero. Good morning, Your Honors, and may it please the court. My name is Assistant U.S. Attorney Stephen DeGenero, and I'll be arguing on behalf of the APA League, the Secretary of Labor. Your Honors, the judgment below should be affirmed for three reasons. First, the grievance that Ms. Wang filed from which this case arises does not administratively exhaust the title seven termination claims as she pursues in this action. Does not what? What did you say? Does not what? Does not administratively exhaust the title seven termination claims that she has pursued in this action. Second, the settlement agreement from Ms. Wang's first lawsuit against the Department of Labor settled all claims except for those that were properly preserved in a grievance. And because the title seven termination claims that Ms. Wang is pursuing here were not so preserved in a grievance, that settlement agreement. Why were they not? Why were they not part of the grievance? Your Honor. You're saying her claims don't subsume employment discrimination claims? We wouldn't have jurisdiction if they didn't. Your Honor, the government's position is that the March 13, 2012 grievance properly develops the factual basis for Rehabilitation Act claims and a wrongful termination claim under the Civil Service Reform Act. Those two would confer jurisdiction on this court as a mixed case. However, the grievance from which this case arise does not include any allegations of race, national origin or. Does the MSPB decision disclaim anything about employment discrimination? Do you say the case is not about employment discrimination? Your Honor, the MSPB's final order dismissing the the claim for lack of jurisdiction does not reach the issue of the merits of Ms. Wang's claims. If I could direct the court's attention to page 142 of the joint appendix. This is where the MSPB includes its discussion that it does not reach the merits of those claims. And it starts that discussion by indicating that the appellant's claims of discrimination based on disability or retaliation for engaging in protected activity are considered only as they relate to the issue of voluntariness of the resignation. So the evidence in the record shows that although they did not reach the issue of the merits, the MSPB's final order considered the grievance as properly raising claims under the Rehabilitation Act and the Civil Service Reform Act. But they say also retaliation. Yes, Your Honor. I believe that's in reference to protected activity underneath the the Rehabilitation Act. I don't see the MSPB cutting it that way. I mean, where does it say that the employment discrimination and the district court made a finding against you and said she was terminated. And so there was no there's no issue there. The district court resolved that against you. She was terminated. I understood the MSPB claim to involve matters having to do with forced termination that were discriminatory in her mind. Now, the MSPB didn't go into it fully because they went off on a jurisdictional basis that was wrong. But I don't see how the settlement agreement gives you a release in any way when it specifically refers to the MSPB matter specifically. Yes, Your Honor. As you can show us something that's that makes it absolutely clear that the grievance does not involve employment discrimination. I don't know how you have a release. Your Honor, this court's decision in Park versus Howard University is instructive on that point in that the D.C. Circuit reversed the below decision in that case where that the D.C. Circuit found that Ms. Park in that case, while she had developed the factual basis in her EEO charge for both national origin and sex discrimination, she did not indicate that she was advancing a hostile work environment. I understand that. I mean, but can we focus on the rationale that the district court adopted instead of alternate ground for potentially affirming? And because if your argument is that, look, there's not even a Title seven component to the unlawful discharge claim at all, that's not what the district court relied on. The district court said that there's a settlement agreement and that the carve out from the settlement agreement doesn't carve out Title seven. The Title seven component to the unlawful termination claim. But if we assume that there is a Title seven component to the unlawful termination claim, which I think the district court did, if we assume that, then you're not as I understand it. You don't defend the district court's rationale, which is that even if there is a Title seven component to the unlawful termination claim, that was still bound up in the settlement agreement. You, I think, agree that that would have been carved out. You just dispute the premise. Yes, Your Honor. If this court were to disagree with the government's position and conclude that the grievance at issue here does properly. No, no, not that we disagree with you, but we just don't reach it. We don't reach it. District court didn't reach it. District court didn't reach it either. District court went off on a completely different theory and one that's hard to comprehend. I see, Your Honor. And let me let me try to address the court's rationale. I read the decision of the district court as assuming that even if the Title seven claim were preserved within the grievance, then it would be resolved. I don't I don't read the order as it would be that it would be resolved. No result. You don't mean that. You mean that it would be. Right. You're saying there's a release that would cover that. That's correct. Your Honor. Yes. Right. But I guess I guess what I'm saying is, I actually I think I agree with you that the district court assumed that if there were a Title seven component to the claim, then it would have been resolved. Now I'm saying suppose we take the same assumption for now. We just assume the same thing. You're not defending the district court's rationale that even assuming that there is a Title seven component to the unlawful termination, that would have been resolved by the settlement agreement. You don't defend that. That's correct. Your Honor. Okay, so then if we if we if we agree with you and we and that you're not defending it, then why wouldn't we just send it back down and say the settlement agreement doesn't cover a Title seven claim assuming that it's in there. Now the district court can decide whether it's in fact whether it's in there or not. Your Honor, this court does have the discretion to affirm on any properly supported basis on the on the record that discretion is rooted in norms that right okay so I just want to make sure that I understand that that whole argument is an is a request that we affirm on an alternate ground that's presented in the record. It's not a defense of the district court's rationale.  And we're not going to do that. I'm sorry. Just for clarification, you agree that the district court's rationale can't be supported, right. You agree that if, if the, if the carve out includes a Title seven claim then it's not barred by the settlement. Correct. Your Honor, I would agree with that. Yeah. Because that's in fact the position you are in the district court. Right. Yes. And just to clarify, the government did raise at the motion for summary judgment phase the argument about failing to exhaust the precise Title seven claims that Ms Wang asserts here as well. It's just that the judge did not reach that decision. You may you may be for you may have full discretion to re raise those arguments, if we were to send it back, but you're also not taking the position that we're bound to address the alternate grounds for affirmance right. It's just a discretionary on our part. That's correct. Your Honor, it's purely a discretionary choice on your, your part, and to the extent this panel agrees that it's properly supported the, the reading of the title seven grievance is something that is a legal prerequisite to bringing claims into federal court that both for purposes of allowing potential lit against the chance of early effective resolution at the administrative level, but also providing the employer agency with fair notice of the charges against it, and the chance to potentially remedy those on earlier phase. If this court finds that that argument is properly supported in this record, then judicial resources would be conserved by bringing to resolution, a litigation that has been going on for since 2015 in this case problem is you really need a record to explain what was precisely involved in that MSPB matter. That's why I was raising the question I was raising with you, because it isn't entirely clear to me. And you clearly are not in agreement and I think they're reasonable arguments both way you may or may not be right. Now, if there was no title seven component that's where I started, then, then of course that's a different case. But I don't see how you can support that what the district court rule and I don't think we should do the work that the district court would do in the first instance anyway, if in fact you're right, but at least here both sides on that issue. What was involved in the plaintiffs or the appellants notice argument here goes to that that is I never even got a shot at what the district court was saying. Why would we do that I think it's probably before the district court. The district courts theory cannot be right. If there was a title seven component to the grievance. There's no race to the car, there's no release there's no nothing that would come up and you're not disagreeing with that so we should go back and find out whether there was your honor accepting the premise of your question that if there is a title seven claim preserved in the grievance, then the analysis of the song agreements release language will not be right. Let me make sure my colleagues don't have additional questions for you Mr. Did you know nothing more for me. Thank you. Yeah, thank you so much and for the reasons argued in both our briefs and during this oral arguments department requests that the judgment below be affirmed. Thank you. Thank you, Mr. DeGeneres slang will give you one minute for rebuttal. Oh actually I'm sorry you have six minutes but you're not, you're not obligated to use it it's up to you. Thank you, Mr. Chief Judge. This case turns on whether the district court's interpretation of the parties 2013 settlement agreement is correct as a matter of law, but the district court disregarded the basic canons of contract construction by cherry picking I expressly reserve the right to pursue my removal claim, then pending as a mixed case before the MSPB. The government improperly resorts to an argument that I supposedly fail to exhaust administrative remedies for my title seven claims. This argument is raised for the first time in this appeal as it was no part of the district court's rationale. Assuming arguendo that the district court was correct in finding that post settlement I was left with but a pure civil service claim not a mixed case before the MSPB affirmance of the ruling under review could not follow instead the consequences would be the district court's laws of jurisdiction over my case, avoiding of all its rulings, since the remand of my case, including the ruling under review, and a re transfer of my case to the federal circuit. Of course my position is that the district court's interpretation of the settlement agreement is clearly not correct I don't seek to go back to the federal circuit I want a jury trial. And finally I would like to remind the court that I raised a due process issue. The district court violated my due process rights when it found for the government on a sui sponte ground without giving me notice and an opportunity to respond particularly here where the district court was ascribing contractual intent. It was important to comply with the requirements of federal rule of civil procedure 56 F. As the district court incorrectly construed the settlement agreement I in fact properly pled a wrongful termination under Title seven. In conclusion, I asked the court to reverse and remand and to give due consideration to my motion for reassignment to a new district judge. Thank you, Miss Wang Thank you Mr de Janeiro will take this case under submission.
judges: Srinivasan, Tatel, Edwards